OPINION
{¶ 1} Jonn Huber appeals pro se following his conviction and sentence in Dayton Municipal Court on a minor misdemeanor charge of failure to maintain the exterior of his premises at 259 Lorenz Avenue in Dayton.
 {¶ 2} Although Huber advances numerous assignments of error, we have no occasion to address them because the present appeal is moot. The record reflects that Huber was convicted of the foregoing charge following a bench trial. The trial court imposed a fine and ordered Huber to pay court costs. Huber subsequently moved for a stay of execution of sentence in the trial court and also moved for a new trial. After the trial court denied the stay request, Huber paid his fine and court costs on March 10, 2003. He filed a notice of appeal to this court the same day.
 {¶ 3} On December 12, 2003, we dismissed Huber's appeal for lack of jurisdiction because the motion for a new trial remained pending in the trial court. In our ruling, we also pointed out that Huber's appeal was moot:
 {¶ 4} "* * * [T]he state has correctly identified another problem with Huber's appeal. Even if we had jurisdiction to consider it, we would be compelled to conclude that the appeal was moot. `Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' State v. Berndt (1987), 29 Ohio St.3d 3, 4,504 N.E.2d 712, citing State v. Wilson (1975), 41 Ohio St.2d 236,325 N.E.2d 236, syllabus.
 {¶ 5} "Huber failed to present any evidence that he would suffer collateral legal consequences from his conviction. Although he did request a stay in the trial court, that request was denied. The trial court informed Huber that he could `post an appeal bond if [he] want[ed] to.' Huber contends that he inquired about doing so at the clerk's office, but did not receive any helpful information, and was left with `no other choice' but to pay the fine. It is clear that Huber did not follow the appropriate procedure for obtaining an appeal bond from this court or the trial court. The usual procedure is to move the court to set an appeal bond. Huber was not unfamiliar with motion procedure, having filed numerous motions in these proceedings. The fact that the clerk was unhelpful did not render his decision to pay the fine and court costs involuntary. As such, his payment of the fine would be dispositive of his appeal in the absence of evidence of collateral legal consequences flowing from his conviction." City of Dayton v. Huber, Montgomery App. No. 19838, 2003-Ohio-6667.
 {¶ 6} Following our dismissal of Huber's appeal, the trial court denied his motion for a new trial. He then re-filed his appeal, advancing thirteen assignments of error. Although the trial court's disposition of Huber's motion for a new trial removes the jurisdictional impediment to our review of his appeal, it remains moot for the reasons set forth in our December 12, 2003, ruling. As we explained in that decision, Huber failed to follow the procedure for obtaining an appeal bond from the trial court and instead paid his fine. We note too that he failed to seek a stay in this court. In our view, when a trial court denies a stay, a defendant convicted of a misdemeanor must seek a stay of execution of sentence in the appellate court in order to avoid a finding that his appeal is moot. Indeed, it reasonably follows that when a defendant chooses to pay his fine rather than availing himself of potential relief in the appellate court, such payment is voluntary.
 {¶ 7} We realize a number of Ohio appellate districts have opined that a defendant may avoid a finding of mootness by seeking a stay "in either the trial court or the appellate court." See, e.g., State v. Perry, Washington App. No. 01CA35, 2002-Ohio-4822; State v. Irwin (May 23, 2001), Medina App. No. 3073-M; State v. Harris (1996), 109 Ohio App.3d 873; City ofCleveland v. Wirtz (June 17, 1993), Cuyahoga App. No. 62751. In all but one of the foregoing cases, however, the defendant failed to seek a stay anywhere. Thus, those courts had no occasion to consider whether a defendant must seek a stay in the appellate court after being denied a stay in the trial court.[1] In the remaining case, Harris, the defendant sought a stay in the trial court and then sought similar relief in the court of appeals. Thus, the Harris court also had no occasion to consider whether an appeal is moot when a misdemeanor offender pays his fine without seeking a stay in the court of appeals following the trial court's denial of such relief. We note too that each of the foregoing cases cites State v. Conliff (1978),61 Ohio App.2d 185, for the proposition that a defendant may avoid a finding of mootness by seeking a stay "in either the trial court or the appellate court." Conliff actually says no such thing and cites nothing to support such a proposition.[2]
 {¶ 8} In any event, as we explained in our December 12, 2003, ruling, Huber paid his fine and failed to follow the proper procedure for obtaining an appeal bond in either the trial court or this court. He also has failed to present any evidence that he would suffer collateral legal consequences from his conviction As a result, we once again find that his appeal must be dismissed, as moot.
Appeal dismissed.
Grady, J., and Young, J., concur.
[1] Likewise, in Wilson, supra, and Berndt, supra, two leading Ohio Supreme Court cases dealing with mootness, the defendant failed to seek a stay from either the trial court or the appellate court.
[2] If anything, the Tenth District's discussion in Conliff
suggests that a request for a stay in the court of appeals would have been necessary if the trial court had denied a stay. TheConliff court stated: "Defendant secondly contends that the payment of the fine and costs on the day of conviction was not voluntary, in that the trial court conditioned his release upon such payment as well as the appeal bond, which was set to stay the imposition of the jail sentence. The record, however, does not support that contention. In any event, had the trial court refused a stay, upon proper application to this court, a stay would have been granted pending an appeal in order to prevent the appeals from becoming moot in the interim." Conliff, supra, at 193.