JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, David Pfanner ("Pfanner"), appeals his misdemeanor convictions for disorderly conduct and resisting arrest. For the reasons set forth below, we dismiss the appeal as moot.
 {¶ 2} A review of the record on appeal indicates that Pfanner was convicted on October 9, 2007. The municipal court sentenced him to 90 days in jail and fined him $500 and court costs on the resisting arrest charge (second degree misdemeanor). He was sentenced to 30 days in jail and fined $150 and costs on the disorderly conduct charge (fourth degree misdemeanor).[1] However, the $500 fine and 80 days of the jail sentence for the resisting arrest charge were suspended and the entire jail sentence for the disorderly conduct charge was suspended. On October 11, 2007, Pfanner moved to suspend the remainder of his resisting arrest sentence. The court granted his motion, releasing him from jail on October 14, 2007, and suspended the remainder of his sentence. Furthermore, a review of the record indicates that Pfanner has paid his fine and court costs, and no period of probation has been imposed.
 {¶ 3} It is well settled that when a defendant, who has been convicted of a misdemeanor offense, voluntarily completes his sentence for that offense, "an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such *Page 4 
judgment or conviction." State v. Wilson (1975), 41 Ohio St.2d 236,325 N.E.2d 236; see, also, State v. Golston, 71 Ohio St.3d 224,1994-Ohio-109, 643 N.E.2d 109, 110.
 {¶ 4} Thus, in reviewing misdemeanor convictions, we have held that "unless one convicted of a misdemeanor seeks to stay the sentence imposed pending appeal or otherwise involuntarily serves or satisfies it, the case will be dismissed as moot unless the defendant can demonstrate a particular civil disability or loss of civil rights specific to him arising from the conviction." Cleveland v. Martin, Cuyahoga App. No. 79896, 2002-Ohio-1652. See, also, Cleveland v.Pavlick, Cuyahoga App. No. 91232, 2008-Ohio-6164.
 {¶ 5} In the instant case, Pfanner has completely served and satisfied the sentence imposed pursuant to his misdemeanor conviction and has paid all court costs and fines. Thus, there is no further ongoing or future penalty from which this court can grant relief. Moreover, Pfanner's brief is completely void of any assertions of a civil disability or loss of civil rights that he will allegedly suffer as a result of the conviction.
 {¶ 6} Accordingly, the appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR.
[1] Pfanner's oral motion to stay pending appeal was denied by the municipal court. *Page 1