CITY OF CLEVELAND HEIGHTS, APPELLANT, *v.* LEWIS, APPELLEE.

[Cite as *Cleveland Hts. v. Lewis,* 129 Ohio St.3d 389, 2011-Ohio-2673.]

*Criminal procedure — Mootness of misdemeanor appeal after sentence is served.*

(No. 2010-1203 — Submitted March 23, 2011 — Decided June 8, 2011.)

CERTIFIED by the Court of Appeals for Cuyahoga County, No. 92917,

187 Ohio App.3d 786, 2010-Ohio-2208.

_____

SYLLABUS OF THE COURT

1. The completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.

2. The expiration of an inactive period of probation during the pendency of an appeal does not render the appeal moot because the misdemeanant failed to file a motion for stay in the appellate court where the misdemeanant unsuccessfully sought a stay of execution from the trial court to prevent an intended appeal from being declared moot and subsequently filed a notice of appeal to challenge the conviction.

_____

O'DONNELL, J.

{¶ 1} The Eighth District Court of Appeals certified that a conflict exists between its decision in this case and decisions of the Second and Seventh District Courts of Appeals on the following question: "Whether an appeal is rendered moot when a misdemeanor defendant serves or satisfies his sentence after

unsuccessfully moving for a stay of execution in the trial court, but without seeking a stay of execution in the appellate court."

{¶ 2} The Second District Court of Appeals in *Dayton v. Huber,* Montgomery App. No. 20425, 2004-Ohio-7249, 2004 WL 3561217, and the Seventh District Court of Appeals in *Carroll Cty. Bur. of Support v. Brill,* Carroll App. No. 05 CA 818, 2005-Ohio-6788, 2005 WL 3489763, concluded that when a trial court denies a stay of execution of sentence, an appellant must also seek a stay in the appellate court to avoid a determination that the appeal is moot upon completion of the sentence. In its conflicting decision in this case, the Eighth District Court of Appeals held that an appellant who has been denied a stay of execution in the trial court is not required to seek an additional stay in the appellate court to prevent the matter from becoming moot upon completion of the sentence pending appeal.

{¶ 3} Strong evidence of intent to challenge the criminal charge exists in the instant case because appellee, Warren Lewis, elected to be tried on the matter in the trial court, and the trial resulted in a conviction on only one count and a sentence consisting of a fine, court costs, a suspended three-day jail term, and a period of inactive probation. Thereafter, he sought a stay of execution of sentence to avoid the appeal becoming moot, but the trial court denied the stay. Lewis then paid the fine and costs and filed a notice of appeal, but did not seek a stay from the appellate court. These circumstances demonstrate that Lewis neither acquiesced in the judgment nor abandoned his right to appeal and thus did not voluntarily complete the sentence pending appeal. Accordingly, Lewis had a substantial interest in the appeal, and the appellate court had subject matter to decide, and the appeal did not become moot.

{¶ 4} Accordingly, we answer the certified question in the negative and affirm the judgment of the Eighth District Court of Appeals.

**Facts and Procedural History**

**{¶ 5}** On June 21, 2008, Officer Duane Clayborn of the Cleveland Heights Police Department responded to a fight involving three female teenagers. After questioning each to determine who had started the fight, he ultimately decided to charge all three with disorderly conduct because of hostile responses he received from parents of the girls.

**{¶ 6}** When Warren Lewis arrived home from work, he noticed police cruisers parked in front of his house. His wife told him that his daughter had been attacked by two girls, and he saw the police talking to their parents down the street. Lewis and his wife approached the officers with a copy of a police report showing that his daughter had been attacked several days earlier by these same girls; Officer Clayborn, however, ordered Lewis and his wife to return to their home and told them that his daughter would also be charged in the incident.

**{¶ 7}** When Officer Clayborn approached Lewis for the information needed to file the charge against his daughter, Lewis refused to talk to him because, in his view, the officer had treated his daughter as an assailant rather than a victim. The officer then approached Lewis's wife, who had started to leave for work. According to Officer Clayborn, Lewis told his wife not to provide any information to him, but Lewis maintained that he told his wife only that the officer could not detain her. Officer Clayborn returned to Lewis and demanded his daughter's address, but Lewis refused to cooperate. Officer Clayborn then arrested Lewis and charged him with obstructing official business by "refus[ing] to give information on his daughter who was being charged" and for resisting arrest by allegedly struggling with the officer as he attempted to place Lewis in the patrol car.

**{¶ 8}** At a bench trial, the court acquitted Lewis of resisting arrest but convicted him of obstructing official business, and it sentenced him to a suspended term of three days in jail, placed him on inactive probation for six months, and imposed a $100 fine and court costs, which he paid.

**{¶ 9}** The next day, Lewis moved to stay execution of his sentence, stating that he intended to appeal the finding of guilt because it could affect his employment and arguing that "without a stay, or at least a request for a stay, the Court of Appeals could find the appeal moot." The trial court nonetheless denied the stay.

**{¶ 10}** Lewis then appealed to the Eighth District Court of Appeals, but he did not seek a stay of execution of his sentence from the appellate court. Because he had paid his fine and costs, and due to the inactive status of his probation, he completed the sentence during the pendency of his appeal. Although neither Lewis nor the city of Cleveland Heights addressed whether the expiration of the term of probation rendered the appeal moot, the court of appeals raised that issue at oral argument. *Cleveland Hts. v. Lewis*, 187 Ohio App.3d 786, 2010-Ohio-2208, 933 N.E.2d 1146, ¶ 7-8.

**{¶ 11}** The appellate court sua sponte convened an en banc conference to consider the issue, and in its opinion, the court noted its prior holding that " ' "[u]nless one convicted of a misdemeanor seeks to stay the sentence imposed pending appeal or otherwise involuntarily serves or satisfies it, the case will be dismissed as moot unless the defendant can demonstrate a particular civil disability or loss of civil rights specific to him arising from the conviction." ' " Id. at ¶ 10, quoting *Oakwood v. Pfanner,* Cuyahoga App. No. 90664, 2009-Ohio-464, 2009 WL 270500, ¶ 4, quoting *Cleveland v. Martin,* Cuyahoga App. No. 79896, 2002 WL 568302, *3. The Eighth District determined that although Lewis had not demonstrated a collateral consequence stemming from the conviction, he had not voluntarily served his sentence, because he had sought a stay in the trial court. As a result, the appellate court declined to require Lewis to seek an additional stay in the court of appeals in order to preserve the justiciability of his appeal.

**{¶ 12}** Regarding the merits of the appeal, the Eighth District reversed Lewis's conviction for obstructing official business because it was not supported

by the evidence, in that Lewis had not taken affirmative action to impede the investigation and Officer Clayborn admitted that Lewis's refusal to answer his questions had not prevented him from performing his duties. Id. at ¶ 37-39.

{¶ 13} The appellate court then certified that its decision conflicted with decisions from the Second District in *Dayton v. Huber,* Montgomery App. No. 20425, 2004-Ohio-7249, 2004 WL 3561217, and from the Seventh District in *Carroll Cty. Bur. of Support v. Brill,* Carroll App. No. 05 CA 818, 2005-Ohio-6788, 2005 WL 3489763. We agreed to resolve the conflict.

### Positions Regarding Mootness

{¶ 14} Cleveland Heights asserts that a misdemeanant voluntarily serves a sentence by not seeking a stay of execution in both the trial court and the appellate court. Thus, according to the city, Lewis's appeal became moot because he had paid the fine and court costs, the six-month period of inactive probation had expired during the pendency of his appeal, and Lewis had neither moved for a stay in the appellate court prior to completion of the sentence nor demonstrated the existence of any collateral consequences resulting from the conviction. For these reasons, the city urges that his conviction should be reinstated.

{¶ 15} Lewis contends that the appeal of a misdemeanor conviction is never rendered moot by serving the sentence, even if the defendant fails to allege that the conviction will subject him to a collateral consequence and even if he does not move for a stay in the trial court or in the appellate court. Lewis maintains that a misdemeanant who is tried by a judge or jury and is convicted does not voluntarily serve the sentence imposed, but rather does so by order of the court. Also, he points out that he did not accept his conviction or voluntarily serve his sentence, because he asked the trial court to stay execution of sentence and he appealed the judgment of conviction. Further, he indicates that no decision of the Eighth District Court of Appeals requires him to take the additional step of seeking a stay in the appellate court in order to maintain his appeal and prevent it from being declared moot.

5

{¶ 16} Thus, we are called upon to clarify the law regarding a convicted misdemeanant who unsuccessfully seeks a stay from the trial court and thereafter pays the fine and costs while on inactive probation that expires during the pendency of the appeal.

**The Mootness Doctrine**

{¶ 17} At common law, courts considered appeals in criminal cases to be moot if the appellant had completed the sentence prior to a ruling on the appeal on the basis that if a sentence had been served, a favorable judgment could not "operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served." *St. Pierre v. United States* (1943), 319 U.S. 41, 42-43, 63 S.Ct. 910, 87 L.Ed. 1199; see generally 7 Lafave, Isreal, King & Kerr, Criminal Procedure (3d Ed.2007), Section 27.5(a).

{¶ 18} In accordance with this rule, we held in *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, that "[w]here a defendant, convicted of a criminal offense, has *voluntarily* paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." (Emphasis added.) Id. at syllabus. Moreover, in *State v. Berndt* (1987), 29 Ohio St.3d 3, 4, 29 OBR 173, 504 N.E.2d 712, we determined that it is reversible error for an appellate court to consider the merits of an appeal that has become moot after the defendant has voluntarily satisfied the sentence, holding that "[w]here the appellate court hears and decides an appeal that is moot, the judgment of the appellate court will be reversed and the trial court's judgment reinstated, as if the appeal had been dismissed."

{¶ 19} Nonetheless, recognizing the various statutory and societal consequences attaching to a felony conviction, the court in *State v. Golston* (1994), 71 Ohio St.3d 224, 643 N.E.2d 109, adopted a conclusive presumption that "[a] person convicted of a felony has a substantial stake in the judgment of

conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." Id. at syllabus. We thus limited the holdings in *Wilson* and *Berndt* to appeals from misdemeanor convictions in which the appellant has voluntarily completed the sentence and in which no collateral consequences resulted from the conviction. *Golston* at 227.

{¶ 20} We have not yet considered what it means to "voluntarily" complete a sentence for purposes of the mootness doctrine, and the question of whether a misdemeanant must seek to stay execution of sentence both in the trial court and in the appellate court to preserve the justiciability of the appeal in these circumstances appears to be one of first impression for this court.

{¶ 21} The Supreme Court of Louisiana, however, recently addressed a similar issue in *State v. Malone* (La.2009), 25 So.3d 113, which is instructive. The court noted that Louisiana had continued to follow the traditional rule that "the satisfaction of the sentence renders the case moot so as to preclude review." Id. at 116. However, it also explained that completion of the sentence is not voluntary and will not moot the appeal if the circumstances show that the appellant did not intend to "acquiesc[e] in the judgment, or abandon[] [the] right to review." Id. at 123-124. The court further stated that seeking appellate review prior to completing the sentence, moving for a stay of the sentence or for postconviction bail, and making a record that the sentence has been completed under protest each support a determination that the misdemeanant did not voluntarily satisfy the sentence. Id. at 124-125. Notably, the Supreme Court of Louisiana emphasized: "The defendant could * * * have requested a stay of the execution of the sentence pending appellate review * * *. Even if his request had been denied, the completion of the sentence would have been involuntary, thus indicating an intent to retain his right to appellate review." Id. at 124.

**{¶ 22}** This analysis complements that employed by Ohio courts in determining questions regarding mootness on appeal.

**{¶ 23}** Thus, a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal. These circumstances also demonstrate that the appellant has "a substantial stake in the judgment of conviction," *Wilson*, 41 Ohio St.2d at 237, 70 O.O.2d 431, 325 N.E.2d 236, so that there is "subject matter for the court to decide." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 9.

**{¶ 24}** Here, Lewis contested the state's case at trial. Although the court acquitted him of resisting arrest, it convicted him of obstructing official business for refusing to give the officer information about his daughter. Following his conviction, Lewis paid the fine and costs imposed but unsuccessfully sought a stay of execution from the trial court to prevent the intended appeal from becoming moot. He then appealed his conviction, but the six-month term of inactive probation expired during the pendency of that appeal. Notably, however, Lewis's sole assignment of error related to the court's finding of guilt, and the appellate court could have provided redress of his claim that he had been wrongfully convicted, notwithstanding the completion of the sentence.

**{¶ 25}** These facts demonstrate that Lewis neither acquiesced in the judgment nor abandoned the right to appellate review. Therefore, it cannot be said that he voluntarily completed the sentence imposed by the court, and his appeal did not become moot, because the circumstances demonstrate that Lewis maintained a substantial stake in the judgment of conviction and there is subject matter for the appellate court to decide.

**Conclusion**

{¶ 26} The completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide. Thus, the expiration of an inactive period of probation during the pendency of an appeal does not render the appeal moot because the misdemeanant failed to file a motion to stay in the appellate court where the misdemeanant unsuccessfully sought a stay of execution from the trial court to prevent an intended appeal from being declared moot and subsequently filed a notice of appeal to challenge the conviction.

{¶ 27} Accordingly, we answer the certified question in the negative and affirm the judgment of the Eighth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

**LUNDBERG STRATTON, J., concurring.**

{¶ 28} While I concur in the majority's decision, I write separately to highlight the extent of the collateral consequences of a misdemeanor conviction in today's world.

{¶ 29} Employment rights may be affected, including the ability to obtain and maintain licenses for dozens of activities from teaching (R.C. 3319.31 and 3319.39(B)(1)), to practicing law (Gov.Bar R. 1), to auctioneering (R.C. 4707.02), to transporting inmates (Ohio Adm.Code 5120:1-1-35(G)), to embalming (R.C. 4717.14), to cosmetology (Ohio Adm.Code 4713-1-07) to operating bingo games (R.C. 2915.09) and everything in between.

{¶ 30} In addition to affecting licensure and employment, misdemeanor convictions also affect civil, political, and legal rights. This category of collateral

consequences includes effects on qualifications for approval as an adoptive parent (Ohio Adm.Code 5101:2-48-10) or foster caregiver (Ohio Adm.Code 5101:2-7-02) and loss of rights related to firearms (R.C. 2923.13).

{¶ 31} In addition to these direct consequences, there are also dozens of provisions of the Ohio Revised Code that use a prior misdemeanor conviction to enhance the severity of a later criminal charge or penalty. Examples of misdemeanors that can result in penalty enhancement include nonsupport (R.C. 2919.21(G)(1)), gambling (R.C. 2915.02(F) and 2915.03(B)), telecommunications harassment (R.C. 2917.21(C)(2)), and election falsification (R.C. 3599.11(B)(2) and (C)).

{¶ 32} In addition to collateral consequences under state law, a misdemeanor conviction can lead to many consequences under federal law, such as loss of financial aid for education (Section 1091(r), Title 20, U.S.Code), ineligibility for public housing (Sections 5.854, 5.855, and 960.203, Title 24, C.F.R.), and effects on immigration status (Sections 1182(a)(2) and 1227(a)(2)(A)(iii), Title 8, U.S.Code) and government employment (Section 44936, Title 49, U.S.Code).

{¶ 33} In addition to the government realm, collateral consequences can also arise in the private realm. Because anyone may obtain the criminal history of another under Ohio Adm.Code 109:5-1-01, private employers, landlords, insurers, educational institutions, and others may obtain information on misdemeanor convictions and use it in their decision-making processes.

{¶ 34} Gone are the days when a misdemeanor conviction resulted in little or no real collateral consequences. Rather, the collateral consequences resulting from a misdemeanor conviction today are real and significant. Accordingly, I concur in the judgment of the majority in holding that the completion of a misdemeanor sentence will not make an appeal moot if the appellant sought a stay.

MCGEE BROWN, J., concurs in the foregoing opinion.

10

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 35} I concur in judgment only.

{¶ 36} We have never explicitly required that a misdemeanor appellant must request a stay in the court of appeals to prevent a sentence from taking effect before an appeal may be considered. App.R. 8(B) allows, but does not require, an application for suspension of the execution of a sentence pending appellate review. The completion of Lewis's sentence of inactive probation may have mooted the appellate court's consideration of sentencing issues, but given the facts of this case, it did not moot the consequences of his conviction. And as detailed in the concurrence by Justice Lundberg Stratton, the collateral consequences of a conviction can be significant.

_____

Kim T. Segebarth, Cleveland Heights Prosecuting Attorney, and Brendan D. Healy, Assistant Law Director, for appellant.

Kenneth D. Myers, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney and Nathaniel J. McDonald, Assistant Public Defenders, and Mark S. Gallagher, urging affirmance on behalf of amici curiae Cuyahoga County Public Defender, Ohio Association of Criminal Defense Lawyers, and Towards Employment.

D. Jim Brady, urging affirmance on behalf of amicus curiae D. Jim Brady.

_____