[Cite as *State v. Sobczak*, 2019-Ohio-330.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0017** |
| JENNIFER E. SOBCZAK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Ravenna Division.
Case No. 2016 CRB 00630 R.

Judgment: Appeal dismissed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley A. Johnston*, P.O. Box 6041, Youngstown, OH 44501 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}     Appellant, Jennifer E. Sobczak, appeals from a January 23, 2018 entry of the Portage County Municipal Court, Ravenna Division, imposing ten days of a previously suspended jail sentence.  Appellant also takes issue with the trial court's oral denial of her pro se motion to withdraw her guilty plea.  The appeal is dismissed as moot.

{¶2}     On March 30, 2016, appellant orally pled guilty in case No. 2016 CRB 00630 R to one count of obstructing official business, a second-degree misdemeanor in violation of R.C. 2921.31.  Multiple other charges against appellant were dismissed pursuant to

her plea agreement with the prosecuting attorney. An additional stipulation of the written plea agreement, as discussed at the plea hearing, was that appellant would be *persona non grata* at the Mantua Police Department, except for legal business, for three months.

{¶3} In its sentencing entry, the trial court fined appellant $100.00 plus court costs and sentenced her to 90 days in jail, suspended on the conditions that she complete 30 hours of community work service and commit no violation of law for one year. The trial court issued a nunc pro tunc entry on May 6, 2016, stating it "inadvertently omitted provision that Defendant *persona non grata* from Mantua Police Dept. for 90 days unless bona fide legal business beginning 5/6/16 for 90 days. [Sic.]"

{¶4} On June 1, 2017, the state of Ohio moved to impose sentence on the basis that appellant violated the conditions of her suspended sentence on October 2, 2016, by committing the offenses of resisting arrest and obstructing official business.

{¶5} On September 19, 2017, appellant filed a motion, by and through counsel, to withdraw her guilty plea in the underlying case. Appellant alleged (1) her appointed counsel was not provided the opportunity to investigate the charge before she entered the plea and (2) her plea was not entered voluntarily because she felt coerced and threatened. The State responded in opposition. Following a hearing, the trial court denied the motion on December 14, 2017.

{¶6} Appellant filed two pro se motions on January 22, 2018: a second motion to withdraw her guilty plea and a motion to dismiss imposition of sentence. As grounds, appellant alleged her *persona non grata* status with the Mantua Police Department should have expired but that it is still in effect, which is a violation of her plea agreement.

{¶7} On January 23, 2018, the trial court held a hearing on the State's motion to impose sentence, at which it orally denied both of appellant's pro se motions. The trial

2

court imposed 10 days of appellant's suspended jail sentence, which she has since served.

{¶8} On February 21, 2018, appellant filed a pro se notice of appeal and requested court-appointed counsel from the trial court. On March 6, 2018, Attorney Eli Heller was appointed by the trial court to represent appellant for purposes of appeal.

{¶9} As of May 8, 2018, appointed counsel had not filed an appellate brief. A magistrate's order was issued instructing counsel to either file a merit brief or show cause as to why the appeal should not be dismissed for failure to prosecute. Appellant then filed a pro se motion requesting new court-appointed counsel. A magistrate's order was issued granting the pro se motion and appointing Attorney Wesley A. Johnston to represent appellant for purposes of appeal.

{¶10} In the meantime, however, Attorney Heller filed an appellate brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), submitting he had found no non-frivolous issues to raise on appeal. Although new counsel had been appointed and instructed to file a merit brief, Attorney Heller's *Anders* brief was never stricken from the appellate record.

{¶11} Attorney Heller presented two possible issues for review: (1) whether the court should have granted appellant's motion to withdraw her plea and (2) whether the court erred when it imposed a 10-day jail sentence. The former argument is also raised in the merit brief filed by Attorney Johnston as appellant's sole assignment of error: "The trial court erred when it denied Appellant's motion for withdrawal of guilty plea after sentencing. Said denial constituted an abuse of discretion."

{¶12} In its responsive brief, the state of Ohio argues appellant's entire appeal is moot because (1) she has already served the 10 days imposed for violating the terms of

3

her suspended sentence; (2) the time period within which she was to complete her community work service and pay the fine has expired; and (3) the one-year period during which she was to have no violations of the law expired prior to the filing of this appeal. We agree.

**{¶13}** "[W]here a criminal defendant, convicted of a *misdemeanor,* voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." *State v. Golston*, 71 Ohio St.3d 224, 226 (1994) (emphasis sic), citing *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus and *State v. Berndt*, 29 Ohio St.3d 3, 4 (1987). "[I]t is reversible error for an appellate court to consider the merits of an appeal that has become moot after the defendant has voluntarily satisfied the sentence[.]" *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶18, citing *Berndt*, *supra*, at 4.

**{¶14}** "[A] misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal." *Id.* at ¶23. "Conversely, when an appellant completes a misdemeanor sentence *without* requesting a stay pending appeal and does not offer evidence from which an appellate court could infer that the appellant would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction, the appeal is moot." *State v. Jirousek*, 11th Dist. Nos. 2013-G-3128 & 2013-G-3130, 2013-Ohio-5267, ¶22 (emphasis

4

added), citing *Lewis*, *supra*, at ¶23, and *State v. Jones*, 9th Dist. Wayne No. 12CA0024, 2012-Ohio-6150, ¶52.

{¶15} Here, appellant did not request a stay of her sentence pending appeal. A review of the record reveals no evidence from which we can infer appellant will suffer some collateral legal disability or loss of civil rights stemming from her misdemeanor conviction of obstructing official business. Her main contention is that the prosecution has breached its plea agreement because the Mantua Police Department continues to treat her as *persona non grata* which is hindering her ability to volunteer at the police station. The Mantua Police Department, however, was not party to the plea agreement, and its alleged denial of her desire to volunteer at the police department is neither the loss of a civil right nor a collateral disability. *See In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶10 (emphasis added and citation omitted) (defining "collateral disability" as "an adverse *legal* consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served").

{¶16} As the entire appeal is moot, it must be dismissed. *See Berndt*, *supra*, at 5 ("the court of appeals should have dismissed [defendant's] appeal from the trial court's judgment of conviction since that appeal was moot"); *see also State v. Cummings*, 11th Dist. Geauga No. 2010-G-2991, 2011-Ohio-3119.

{¶17} The appeal is dismissed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.