[Cite as *State v. Sears*, 2019-Ohio-703.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 107194

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JASMINE M. SEARS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-18-625624-B

**BEFORE:** Headen, J., Kilbane, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 28, 2019

**ATTORNEY FOR APPELLANT**

Rachel A. Kopec
1360 East 9th Street, Suite 910
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Carl Mazzone
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

RAYMOND C. HEADEN, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant Jasmine M. Sears ("Sears") appeals her sentence. For the reasons that follow, we dismiss the appeal as moot.

## Procedural and Substantive History

**{¶2}** This case is the result of a fight that broke out at Cleveland Heights High School on January 26, 2018. Sears was briefly involved in the fight as she was leaving school.

**{¶3}** On February 12, 2018, Sears and codefendant Qiasa P. Price were indicted on one count of aggravated riot, a fourth-degree felony, in violation of R.C. 2917.02(A)(2). Pursuant to a plea agreement, Sears pleaded guilty to an amended charge of riot, a first-degree misdemeanor. The court sentenced Sears to six months in jail and a $250 fine. It is from this sentence that Sears appeals, presenting two assignments of error for our review.

## Law and Analysis

**{¶4}** In her first assignment of error, Sears argues that the trial court abused its discretion when sentencing her to prison instead of probation. In her second assignment of error, Sears argues that the trial court abused its discretion by sentencing her to the maximum jail sentence. We will address these assignments of error together.

**{¶5}** As an initial matter, we note that "'[g]enerally, where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.'" *Middleburg Hts. v. McClellan*, 8th Dist. Cuyahoga No. 103212, 2016-Ohio-816, ¶ 7, quoting *State v. Montavon*, 10th Dist. Franklin No. 12AP-631, 2013-Ohio-2009, ¶ 6, quoting *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus.

**{¶6}** The Ohio Supreme Court has held that where a misdemeanor defendant has satisfied his or her sentence after unsuccessfully moving for a stay of execution in the trial court, but without seeking a stay of execution in the appellate court, courts should consider three factors in determining whether the appeal is moot. *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 1. To determine whether an appeal is moot as a result of the sentence having been voluntarily completed, courts should consider whether the defendant (1) contested the charges at trial; (2) sought a stay of execution of sentence for the purpose of preventing an intended appeal from being declared moot; and (3) appealed the conviction. *Id*. at 394.

**{¶7}** The record in this case indicates that Sears has voluntarily completed her sentence. Although Sears filed a motion to mitigate her sentence in the trial court and has appealed her conviction, she did not contest the charges at trial, nor did she seek a stay of execution of her sentence. Further, Sears has not indicated that she will suffer some collateral disability or loss of civil rights from her conviction.

**{¶8}** Based on the foregoing, Sears's appeal is moot.

**{¶9}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MARY EILEEN KILBANE, A.J., and
MARY J. BOYLE, J., CONCUR