**[Cite as *State v. T.F.*, 2020-Ohio-3766.]**

STATE OF OHIO        )              IN THE COURT OF APPEALS
                         )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

STATE OF OHIO                        C.A. No.      19CA011540

     Appellee

     v.                                APPEAL FROM JUDGMENT
                                   ENTERED IN THE
T. F.                            COURT OF COMMON PLEAS
                                   COUNTY OF LORAIN, OHIO
     Defendant                    CASE No.    16CR093398

     and

FREDERICK FLESCH

     Appellant

DECISION AND JOURNAL ENTRY

Dated: July 20, 2020

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Frederick Flesch appeals his conviction for direct contempt in the Lorain County Court of Common Pleas. Upon review, we determine that the issues raised on appeal are moot and dismiss the attempted appeal.

I.

{¶2} This Court previously outlined the facts of this case as follows:

Mr. Flesch was a juror in T.F.'s criminal case in the Lorain County Court of Common Pleas. Throughout the proceedings, the court repeatedly admonished the jury to avoid reading outside information such as newspapers and the internet, and discussed the issue of contempt. During jury deliberations, some jurors informed the court's bailiff that Mr. Flesch had brought a newspaper article about T.F.'s case into the jury room and discussed it with the jury. The court brought Mr. Flesch into the courtroom and inquired of him on the record as to the allegations. He admitted

to "skimming" the article, but recalled certain facts from it such as T.F.'s name and a woman screaming in the bathroom. He further admitted that he brought the article into the jury room and asked his fellow jurors if the woman had screamed. When they responded in the affirmative, he brought the article out and asked if that particular information should be in the newspaper while they were deliberating. The court instructed him to return to the jury room. Next, the court inquired of four other jurors individually on the record and they all told the court a similar story as to the newspaper incident in the jury room.

The trial court ordered a mistrial in T.F.'s case and found Mr. Flesch guilty of direct contempt. At a later date, the court sentenced Mr. Flesch to 30 days in jail and ordered him to pay a $250.00 fine and court costs. The court suspended 23 days in jail and $100.00 of the fine under the conditions that Mr. Flesch maintain good behavior for one year and pay fines and costs, including jury costs in the amount of $1,525.00.

*State v. T.F.*, 9th Dist. Lorain No. 17CA011175, 2019-Ohio-1039, ¶ 2-3. Mr. Flesch appealed arguing, in part, that the trial court had erred in depriving him of his due process rights to notice, counsel, and a hearing before finding him guilty of contempt. *Id.* at ¶ 5. A majority of this Court agreed, reversed the trial court's judgment entry convicting Mr. Flesch of contempt, and remanding the matter to the trial court for further proceedings. *Id.* at ¶ 18.

{¶3} Upon remand, the matter came before the trial court for a show cause hearing. At the hearing, the Lorain County Prosecutor indicated to the trial court that it would not be presenting any witness testimony or other evidence. Over the objection of Mr. Flesch's counsel, the trial court stated that it would "take into account the [c]ourt's prior inquiry and record of the 28th Day of June 2017, which includes the under-oath testimony of not only Mr. Flesch but four other jurors at that time." Mr. Flesch thereafter presented expert medical testimony from Dr. Francis McCafferty, a psychiatrist, opining that Mr. Flesch had developed a borderline unspecified neurocognitive disorder and that he had not intentionally disobeyed the trial court's order. Dr. McCafferty opined that due to Mr. Flesch's borderline cognitive impairment, he had forgotten the

trial court's warnings and, therefore, had diminished culpability for his offense. The prosecutor did not cross-examine Dr. McCafferty.

{¶4} The trial court found Dr. McCafferty's testimony to be of "little value" in light of Mr. Flesch's prior testimony acknowledging the trial court's order not to read anything in the newspaper regarding the underlying case. The court thereafter found Mr. Flesch guilty of contempt and sentenced him to 30 days in jail and ordered him to pay a $250.00 fine. The trial court suspended 23 days in jail and $100.00 of the fine on the condition that Mr. Flesch maintain good behavior for one day and pay fines and costs, including jury costs in the amount of $1,525.00. The trial court then found that Mr. Flesch had previously served his jail time, paid all fines and costs, and had not failed in the requirement of good behavior between the time the court had originally sentenced him and the show cause hearing.

{¶5} Mr. Flesch filed this timely appeal, raising four assignments of error. Recognizing that Mr. Flesch had completed the sentence imposed by the trial court, this Court subsequently questioned whether this matter had become moot and requested the parties to file a response addressing the issue. Following briefing by both parties, this Court provisionally determined that the matter could proceed, but indicated that the issue of mootness may be revisited during the final disposition of this case.

II.

**Assignment of Error I**

**The trial court erred in taking judicial notice of statements from a prior overturned hearing made against [Mr. Flesch's] right to remain silent and when the court deprived him of his due process rights to notice, counsel, and the right to question witnesses against him.**

**Assignment of Error II**

**The sentence was against the weight of [the] evidence.**

**Assignment of Error III**

**The sentence was not supported by sufficient evidence.**

**Assignment of Error IV**

**The trial court erred when it did not ask Mr. Flesch if he had anything to say prior to sentencing.**

{¶6} In his first assignment of error, Mr. Flesch contends that the trial court erred when it took judicial notice of testimony from a prior hearing conducted in violation of his due process rights. Although Mr. Flesch's second assignment of error states that his *sentence* was against the weight of evidence, he argues in the body of the assignment of error that his *conviction* was against the manifest weight of the evidence. Similarly, although Mr. Flesch's third assignment of error states that his *sentence* was not supported by sufficient evidence, he argues within the body of the assignment of error that his *conviction* was not supported by sufficient evidence. In his fourth assignment of error, Mr. Flesch contends that the trial court erred when it did not ask if he had anything to say prior to imposing sentence in violation Crim.R. 32(A). We do not reach the merits of Mr. Flesch's assignments of error, however, because his appeal is moot.

{¶7} A matter is rendered moot when it seeks a judgment "upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." *Harris v. City of Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 7, quoting *Culver v. City of Warren*, 84 Ohio App. 373, 393 (7th Dist.1948). "When a contemnor appeals a finding of criminal contempt, courts typically apply the general rule governing mootness of criminal appeals." *In re Chambers*, 1st Dist. Hamilton Nos. C-180333, C-180334, 2019-Ohio-3596, ¶ 11, citing *Columbus v. Cicero*, 10th Dist. Franklin No. 12AP-407, 2013-Ohio-3010, ¶ 12-13 and *State v. Kelly*, 5th Dist. Athens No. 15CA11, 2016-Ohio-8582, ¶ 42-45. In criminal cases,

"[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. The Supreme Court of Ohio has held that the completion of a sentence is involuntary and does not render an appeal moot "if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, paragraph one of the syllabus. The burden is on the appellant to show that he will suffer some collateral disability or loss of civil rights from such judgment or conviction. *See State v. Berndt*, 29 Ohio St.3d 3, 4 (1987).

{¶8} The Supreme Court has explained that a misdemeanant objectively demonstrates that a sentence is not being served voluntarily when he "contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot * * * because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal." *Lewis* at ¶ 23. In this case, however, it is undisputed that Mr. Flesch did not request a stay of his sentence and has completed all sentencing requirements imposed by the trial court. Accordingly, Mr. Flesch has failed to demonstrate that he served his sentence involuntarily. *See Id.*

{¶9} Nonetheless, in his response addressing the issue of mootness, Mr. Flesch contends that although he has completed his sentence, this case is not moot because he suffered a loss of

civil rights because the trial court denied him a fair trial and he will suffer the collateral consequence of disqualification from jury duty.

{¶10} We do not disagree with Mr. Flesch's contention that the denial of a fair trial is a loss of a civil right. However, even assuming without deciding that the trial court denied Mr. Flesch a fair trial in this case, it would not affect whether or not this matter has been rendered moot by Mr. Flesch's completion of his sentence. Pursuant to *Berndt*, the loss of civil rights must come *from the judgment or conviction*, and is, therefore, prospective. *See Berndt* at 4. In other words, the loss of a civil right must be shown to be a result of the judgment or conviction.

{¶11} Next, Mr. Flesch's contention that he will be barred from jury service is entirely speculative because his contempt conviction does not legally disqualify him to serve as a juror. In Ohio, only felony convictions will render an individual incompetent to serve as a juror, and, notably, that individual may have his rights to serve on a jury restored after he has received final release. *See* R.C. 2961.01(A)(1); R.C. 2967.16. Pursuant to R.C. 2313.17(A), "[a] person is qualified to serve as a juror if the person is eighteen years of age or older, is a resident of the county, and is an elector or would be an elector if the person were registered to vote, regardless of whether the person is registered to vote."

{¶12} Finally, Mr. Flesch contends that his appeal is not moot because the underlying issue he presents is capable of repetition yet evading review. "[A]n appellate court may consider a moot appeal where it finds that the issues raised are capable of repetition yet evade review." *Boncek v. Stewart*, 9th Dist. Summit No. 21054, 2002-Ohio-5778, ¶ 11. This exception applies only when "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio

St.3d 165, 2009-Ohio-590, ¶ 11 quoting *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000). The Supreme Court of Ohio has broadly interpreted the same complaining party requirement to include subsequent litigants in similar circumstances. *See In re Huffer*, 47 Ohio St.3d 12, 14 (1989) (concluding that the issue of local school board's authority to make rules and regulations was capable of repetition, yet evading review, "since students who challenge school board rules generally graduate before the case winds its way through the court system."); *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 5 (concluding that although the certified issue before the court was moot as to the appellant, the situation was capable of repetition yet evading review). Regardless, "there must be more than a theoretical possibility that the action will arise again." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 792 (10th Dist.1991).

{¶13} Mr. Flesch contends that because not all sentences are stayed pending appeal and because not all persons sentenced to imprisonment are able to appeal before being taken into custody, the issue he presents on appeal—the trial court "taking judicial notice of statements made by the accused without his right to counsel and against his right to remain silent" following a successful appeal—is capable of repetition yet evading review. This argument ignores the Supreme Court's holding in *Lewis* which explicitly recognized that a misdemeanant can show that the completion of his sentence prior to his appeal was involuntary and thus, did not render his appeal moot. *See Lewis*, 2011-Ohio-2673 at paragraph one of the syllabus. While this Court does not take issues concerning due process lightly, it is not obvious, in light of *Lewis*, that the issues Mr. Flesch raises on appeal will always evade review.

{¶14} Because Mr. Flesch has not shown that he involuntarily served his sentence or that he will suffer some collateral disability or loss of civil rights from his conviction, we conclude that this appeal is moot. *See Lewis* at ¶ 23; *Berndt*, 29 Ohio St.3d at 4.

{¶15} Therefore, Mr. Flesch's attempted appeal is dismissed.

III.

{¶16} Mr. Flesch's assignments of error are moot. Therefore, Mr. Flesch's attempted appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DANIELLE C. KULIK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.