[Cite as *State v. Williams*, 2023-Ohio-456.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :

                         No. 111622

    v.                                           :

JONATHAN WILLIAMS,                     :

    Defendant-Appellant.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED; REMANDED
**RELEASED AND JOURNALIZED:** February 16, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-666604-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jasmine L. Jackson, Assistant Prosecuting Attorney, *for appellee.*

P. Andrew Baker, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Jonathan Williams, appeals his conviction for obstructing official business. For the reasons that follow, we affirm Williams's conviction but remand for the trial court to issue a nunc pro tunc entry as of and for

June 1, 2022, that accurately reflects the sentence imposed by the trial court in open court at sentencing.

## I.   Background

{¶ 2}   On December 27, 2021, Shaker Heights police officers were dispatched to the parking lot of the Touch of Italy restaurant after a report of gunshots in the area. (Tr. 332.) Officer Daniel Mitri testified that he responded to the scene in his police cruiser and, upon his arrival, saw a car in the parking lot that was surrounded by a group of people. (Tr. 333.) He said that as he drove closer to the car, he saw a male, later identified as Williams, run away. *Id.* Officer Mitri said that he immediately activated the lights and siren on his cruiser and pursued the male, who ran through an alley and over a driveway. (Tr. 334.) Officer Mitri testified that when the male reached an approximately six-foot wall, he tried to jump the wall but fell and then started running again. *Id.* Officer Mitri testified that he continued pursuing the male in his vehicle and was finally able to apprehend him after he was unable to jump over a steel fence. *Id.*

{¶ 3}   A Cuyahoga County Grand Jury subsequently indicted Williams in a multicount indictment with two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2), with firearm specifications; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2); one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2); one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B); and one count

of obstructing official business in violation of R.C. 2921.31(A). All counts carried a weapon forfeiture specification.

{¶ 4} The case proceeded to trial, after which the jury found Williams guilty of obstructing official business, a second-degree misdemeanor, and not guilty of all remaining charges. At sentencing in court on June 1, 2022, the trial court sentenced Williams to 90 days in jail, with credit for 90 days, waived any costs and fines, and ordered that the weapon seized from Williams when he was apprehended be forfeited. (Tr. 514.) The court also continued Williams's community-control sanctions in another case until January 27, 2023, and ordered that he have no contact with the victim in that case. (Tr. 516-518.)

{¶ 5} Our review of the docket indicates that the sentencing entry does not accurately reflect the trial court's sentence. It correctly states that the jury found Williams guilty of obstructing official business and not guilty of the remaining counts. The entry correctly reflects the trial court's pronouncement that Williams was sentenced to serve 90 days in jail and granted 90 days of jail credit, and that costs and fines were waived. However, the entry includes additional but inapplicable language that Williams was sentenced to "1 day(s) of community control/probation on each count, under supervision of the probation department" and that "community control supervision is terminated as of 6/1/2022."

## II. Law and Analysis

{¶ 6} In his single assignment of error, Williams contends that the state did not present sufficient evidence to support his conviction for obstructing official

business and, therefore, the trial court should have issued a judgment of acquittal. Before we address the merits of this issue, we must consider whether Williams's appeal is moot given that he acknowledges he has served the sentence for his misdemeanor offense. (Appellant's brief, p. 5.)

**{¶ 7}** The Supreme Court of Ohio has held that

> where a criminal defendant, convicted of a misdemeanor, voluntarily satisfied the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral disability or loss of civil rights stemming from that conviction.

*State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994), citing *State v. Wilson,* 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), and *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987).

**{¶ 8}** In *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, the Ohio Supreme Court clarified that the completion of a sentence is not voluntary and will not make an appeal moot "if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Id.* at paragraph one of the syllabus. The Court determined that

> a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is

shown to acquiesce in the judgment or to intentionally abandon the right of appeal.

*Id*. at ¶ 23.

**{¶ 9}** Under the circumstances of this case, we find that Williams did not voluntarily complete his sentence. He contested the charges in a jury trial and he completed his sentence only because the 90-day jail-time credit satisfied his 90-day sentence. Likewise, the court waived any fines or costs. Accordingly, there was no sentence upon which to seek a stay. Because the sentence was completed immediately upon sentencing, we cannot say that Williams voluntarily served his sentence and, therefore, we will consider the merits of the appeal.

**{¶ 10}** An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

**{¶ 11}** R.C. 2921.31(A), regarding obstructing official business, states that

[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 12} Obstructing official business in violation of R.C. 2921.31(A) is established "where there is both an illegal act which quickens the duty of the police officer to enforce the law, and interference with intent to impede that enforcement." *Middleburg Hts. v. Szewczyk*, 8th Dist. Cuyahoga No. 89930, 2008-Ohio-2043, ¶ 23.

{¶ 13} In *State v. Morris*, 8th Dist. Cuyahoga No. 103561, 2016-Ohio-8325, this court reiterated that a conviction for obstructing official business requires evidence of affirmative acts by the defendant, not merely statements or inaction, that hamper or impede a public official in the performance of his or her lawful duties. *Id.* at ¶ 20. Accordingly, the court found that the state's evidence of the defendant's failure to respond to police requests to exit the cruiser and his verbal outbursts to the officers was insufficient to support the defendant's conviction for obstructing official business. *Id.* at ¶ 18.

{¶ 14} Williams argues that this case is like *Morris* because there was no "direct testimony to establish that he [ran] upon sight of the police car," and, thus, he could have merely been running away to flee the volatile situation in the parking lot. (Appellant's brief, p. 8.) He further contends there was no evidence that he was aware he was being pursued by the police and, therefore, no evidence that he intended to interfere with police duties. He also contends there was no evidence regarding how long the police pursuit in this case lasted but asserts that it was likely less than the 20 to 30 minutes it took the police in *Morris* to remove the defendant from the police cruiser. Accordingly, he urges us to conclude, as in *Morris,* that the

state did not present sufficient evidence to support his conviction for obstructing official business.

{¶ 15} Williams's argument ignores this court's discussion in *Morris* of several cases where we found sufficient evidence to support a conviction for obstructing official business because the defendant ran from the police, thereby "establish[ing] the element of an affirmative act done with an intent to impede law enforcement." *Id*. at ¶ 23. For example, this court noted in *Morris* that in *State v. Vargas*, 8th Dist. Cuyahoga No. 97377, 2012-Ohio-2768, a defendant involved in a car accident ran away from the investigating officers and then descended down a steep ravine and jumped into a river to evade them, requiring the officers to first chase him and then rescue him. *Morris* at ¶ 24. The *Morris* Court noted further that in *State v. Wilson*, 8th Dist. Cuyahoga No. 96627, 2011-Ohio-6886, the suspect fled after the police officers arrived to investigate a report of a man with a gun, a chase ensued, and the police apprehended the suspect only after he fell into a creek. *Morris* at *id*. Finally, the *Morris* Court discussed *State v. Williams*, 8th Dist. Cuyahoga No. 89574, 2004-Ohio-4476, in which the defendant ignored a police order to stop and the police chased him for several minutes before apprehending him. *Morris* at *id*. In each case, this court held that the defendant's act of fleeing from the police was sufficient to support a conviction for obstructing official business.

{¶ 16} We find nothing to distinguish this case from *Vargas*, *Wilson*, or *Williams*. The state's evidence established that Williams began running when

Officer Mitri drove his police cruiser close to the group of people surrounding the car in the parking lot. Although Williams contends the evidence did not establish that he knew he was being pursued by the police, Office Mitri testified that he immediately turned on the lights and siren in his cruiser when he began pursuing Williams. Despite the lights and siren and the continuing chase by the police cruiser as he ran through an alleyway and across a driveway, Williams continued to run away, at one point attempting to jump over a six-foot wall and at another point trying to scale a steel fence. The only possible inference from this evidence is that Williams knew he was being pursued by the police and was trying to interfere with Officer Mitri's ability to effectuate a lawful stop. Contrary to Williams's argument, the length of the chase is not dispositive of whether the state presented sufficient evidence that he obstructed official business when he ran from the police. Considering the state's evidence in a light most favorable to the prosecution, as we are required to do, we find the evidence sufficient to establish that Williams acted knowingly with an intent to impede Officer Mitri's performance of his official duties and that a reasonable factfinder could have found all the elements of obstructing official business proven beyond a reasonable doubt. The assignment of error is overruled and Williams's conviction is affirmed.

{¶ 17} We remand this case to the trial court, however, with instructions that the court enter a nunc pro tunc entry as of and for June 1, 2022, that does not contain the inapplicable language noted in paragraph five of the opinion.

{¶ 18} Judgment affirmed; remanded.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for issuance of a nunc pro tunc sentencing entry and execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY EILEEN KILBANE, J., CONCUR