[Cite as *State v. Farris*, 2016-Ohio-5527.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150567 |
| | | TRIAL NO. B-1501652 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| VICTOR FARRIS, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  August 26, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**MOCK, Judge.**

{¶1}   Defendant-appellant Victor Farris was originally charged with robbery for assaulting his father and stealing money from him.  After a bench trial, he was convicted of only misdemeanor assault.  The trial court sentenced him to 180 days in the Hamilton County Justice Center and waived costs.  Since he had been held in jail pending the trial, Farris had already served 173 days by the time he received his sentence.  He served the remaining seven days in the Justice Center without seeking a stay of his sentence from the trial court.

{¶2}   Before we can address his assignments of error, we must first determine whether his appeal is moot.  This court lacks jurisdiction to consider the merits of a case when the sentence has been served voluntarily and no showing of disability has been made.  *State v. Berndt*, 29 Ohio St.3d 3, 4, 504 N.E.2d 712 (1987). Farris argues that his appeal is not moot because he did not serve his sentence voluntarily and he will suffer collateral consequences as a result of his conviction. We disagree.

{¶3}   Generally speaking, "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."  *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus.  This rule applies only to misdemeanor convictions, as the Ohio Supreme Court has held that felony convictions result in collateral disabilities as a matter of law.  *See State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus.

2

{¶4} For this court to have jurisdiction over the appeal, Farris must show that either he did not serve his sentence voluntarily, or that he will suffer come collateral disability or loss of civil rights. A defendant can show that he did not serve a sentence voluntarily if (1) he asked the trial court for a stay of the sentence to allow for the appeal, *see City of Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 23, or (2) he has served the entire sentence prior to his conviction, precluding him from seeking a stay at the proper time, *see State v. Nelson*, 1st Dist. Hamilton No. C-140352, 2015-Ohio-660, ¶ 6, citing *State v. Benson*, 29 Ohio App.3d 109, 110, 504 N.E.2d 77 (10th Dist.1986).

{¶5} Since Farris did not ask the trial court for a stay, he has attempted to argue that he served his sentence involuntarily prior to his conviction pursuant to *Nelson*. But, in *Nelson*, the defendant had served the *entire* sentence prior to the conviction that was the subject of the appeal. As this court noted,

> a criminal defendant's misdemeanor appeal is not moot where the record demonstrates that the defendant was imprisoned pending the outcome of the proceedings on the charges for which he was held, the trial court sentenced the defendant to time served, *and the defendant did not otherwise voluntarily complete any other part of his sentence.*

(Emphasis added.) *Nelson* at ¶ 6. In contrast, Farris had not served his entire sentence and could have sought a stay of his sentence before he completed it. Therefore, *Nelson* does not apply to this case.

{¶6} In the alternative, Farris argues that he will suffer collateral consequences as a result of his conviction. But Farris has not cited any particular consequence that he will actually suffer as a result of his conviction in this case. He does argue that the conviction *might* impact his postrelease control that arose from a

3

2005 conviction for robbery. But Farris has presented no evidence that he was actually on postrelease control as a result of that conviction.

{¶7} Farris also argued generally that there are 199 separate statutory consequences that could result from this conviction. But he has not demonstrated that any of those will actually impact him. In fact, as a result of his 2005 robbery conviction, he was already subject to all but one of those statutory consequences. And the only one to which he was not already subject does not apply to him because it relates to a child-custody statute and would only apply if "the victim of the [assault was] the child [who is the subject of the custody proceedings], a sibling of the child, or another child who lived in the parent's household at the time of the offense." *See* R.C. 2151.419(A)(2). Since the victim of Farris's assault was his father, that statutory consequence would not apply.

{¶8} Since Farris has served his sentence in this case, and has not shown that he did so involuntarily or that he will actually suffer a collateral consequence from his conviction, we are without jurisdiction to consider his appeal. The appeal is dismissed.

*Appeal dismissed.*

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.