[Cite as *State v. Kuhlman*, 2022-Ohio-1106.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio/City of Port Clinton          Court of Appeals No.  OT-21-012

    Appellee                              Trial Court No.  TRD 1901186 A

v.

Anita K. Kuhlman                            **DECISION AND JUDGMENT**

    Appellant                             Decided:  March 31, 2022

* * * * *

James VanEerten, Ottawa County Prosecuting Attorney, and
Alec W. Vogelpohl, Assistant Prosecuting Attorney, for appellee.

Cory B. Kuhlman, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Anita K. Kuhlman, appeals the April 19, 2021

judgment of the Ottawa County Municipal Court which, following a trial to the court,

found her guilty of R.C. 4115.214(A)(2), operating an under-speed vehicle without

proper registration and title.  Because we find that this case is moot, we dismiss the

appeal.

## I. Procedural and Factual History

{¶ 2} On May 11, 2019, appellant was stopped by a Marblehead, Ohio, police officer while operating her golf cart on Memorial Shoreway Drive on Johnson's Island. Appellant was issued a citation for failure to register and title her vehicle. It is undisputed that Johnson's Island roadways are considered private and their maintenance and repair are paid by the road commission which is funded by the residents of the island.

{¶ 3} Appellant contested the citation and the matter proceeded to a bench trial. By order pursuant to Crim.R. 13, appellant's case was consolidated for trial with two defendants who were similarly contesting citations issued on Johnson's Island for failure to register their under-speed vehicles. The trio were found guilty.

{¶ 4} On October 25, 2019, the trial court sentenced appellant to a $10 fine and $175 dollars in court costs for a total of $185; the sum was immediately paid. On November 8, 2019, appellant filed a notice of appeal in this court. Appellant's notice of appeal listed the two additional defendants. We dismissed the matter in case No. OT-19-047 as to two of the listed parties, including appellant, because the cases had not been consolidated in the trial court below.

{¶ 5} On August 31, 2020, appellant filed a motion for reimbursement of fine or stay of execution in the trial court. Appellant argued that because this court found that the October 25, 2019 order initially appealed from, in case No. OT-19-047 which

2.

remained pending, was not final because it failed to comply with Crim.R. 32(C),[1] the motion to stay was timely and properly before the court. The motion was not ruled upon.

{¶ 6} Appellant filed her second notice of appeal on April 19, 2021. On May 3, 2021, as in case No. OT-19-047, we remanded the matter to the trial court for 20 days for the court to issue a revised sentencing judgment entry in compliance with Crim.R. 32(C). The appeal was reinstated on June 2, 2021. Appellant's motion for remand and motion for stay of execution filed in this court were both denied based upon the pending motion below.

{¶ 7} On August 30, 2021, appellant again filed a motion for a stay of execution of sentence in the trial court. While the motion was still pending, appellant filed a motion in this court requesting that we stay the trial court's judgment. We denied the motion.

{¶ 8} The trial court, without comment, denied appellant's motion for stay on January 28, 2022 and appellant, on February 18, 2022, again filed a motion for stay in this court which, along with the merits of this appeal, is now decisional.

## II. Assignment of Error

Assignment of Error No. 1: The Trial Court erred in its application

of O.R.C. Section 4511.214 by applying it to a private roadway.

---

[1] On remand in case No. OT-19-047, to comply with the rule the trial court combined multiple documents into one judgment entry. The case was reinstated on March 3, 2020.

3.

### III. Discussion

**{¶ 9}** In appellant's sole assignment of error she contends that because she was on a private roadway, the court erred in finding her guilty of R.C. 4511.214, operating an under-speed vehicle on a street or highway without the proper title and registration. Appellee counters that the appeal is moot because appellant paid the fine imposed prior to requesting a stay in either the trial court or pending appeal.

**{¶ 10}** Our analysis regarding appellant's motion for stay and the justiciability of her appeal are related and will be jointly addressed. It is axiomatic that courts are only able to decide matters regarding genuine controversies. *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9-10; *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). It follows that on appeal, we can only grant a stay of a judgment that has not yet been satisfied. If the sentence has been served or judgment paid, to successfully pursue an appeal an appellant must demonstrate a collateral disability resulting from the conviction. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10.

**{¶ 11}** On February 12, 2021, this court decided related case No. OT-19-047. We dismissed the appeal as moot because the appellant paid the fine in full and failed to request a stay of the matter. *See State v. Reed*, 6th Dist. Ottawa No. OT-19-047, 2021-

4.

Ohio-406.  In *Reed* we noted that because the appellant voluntarily served his sentence, in order for us to consider the appeal

> he must provide evidence from which we can infer that he will "'suffer some collateral disability or the loss of civil rights' arising from [his] conviction * * *." *State v. Hobbs*, 6th Dist. Lucas No. L-18-1165, 2019-Ohio-5145, ¶ 9, quoting *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 18.  The defendant bears the burden of producing evidence that he has such a "substantial stake" in his conviction to pursue an otherwise moot appeal.  [*State v.*] *Golston*, [71 Ohio St.3d 224, 643 N.E.2d 109 (1994)] at 226. Our review of the record shows that Reed has failed to satisfy this burden.

*Id.* at ¶ 9.  *See also State v. Carter*, 6th Dist. Lucas No. L-16-1099, 2017-Ohio-2898.

{¶ 12} In the present matter it took appellant nearly a year following the judgment to request a stay of her sentence.  Even at that time, there was nothing for the court to stay as the fine, which was the entirety of the sentence, had been paid months prior.  Further, as in *Reed*, appellant has not demonstrated, or even alleged, that she will suffer any type of collateral disability stemming from the conviction.[2]

---

[2] From her appellate brief, it appears that appellant intended to raise an argument regarding a collateral disability in a reply brief following our ruling on her motion for a stay of execution. We note that on February 22, 2022, we denied appellant's February 18, 2022 motion for an extension of time to file a reply brief as untimely.  Appellant had the opportunity to raise such argument in her appellate merit brief.

## IV. Conclusion

**{¶ 13}** Based on the foregoing, we find that appellant's appeal is moot and not well-taken. We further deny appellant's motion for stay as moot. Pursuant to App.R. 24, we order that appellant pay the costs of this appeal.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____

                   JUDGE

Thomas J. Osowik, J.

                _____

Gene A. Zmuda, J.         JUDGE
CONCUR.

                _____

                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.