[Cite as *State v. Ekouevi*, 2023-Ohio-703.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220267 |
| | | TRIAL NO. C-21CRB-22403B |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ENZO EKOUEVI, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: March 8, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1}   Defendant-appellant Enzo Ekouevi appeals from the trial court's judgment convicting him, following a bench trial, of failure to comply in violation of R.C. 2921.331(A) and sentencing him to a $170 fine and court costs. In a single assignment of error, Ekouevi challenges the sufficiency and the weight of the evidence supporting his conviction. But because the record demonstrates that Ekouevi voluntarily paid both the imposed fine and costs despite obtaining a stay of his sentence pending appeal, we hold that his appeal is moot and that this court lacks jurisdiction to consider the merits of the appeal.

### *Factual and Procedural Background*

{¶2}   Complaints were filed in the Hamilton County Municipal Court charging Ekouevi with obstructing official business and failure to comply with the order or signal of a police officer. Following a bench trial, the trial court granted Ekouevi's Crim.R. 29 motion for an acquittal with respect to the charge of obstructing official business, but it found Ekouevi guilty of the failure-to-comply offense.

{¶3}   At sentencing, the trial court imposed a $170 fine and court costs and granted Ekouevi's request for a stay pending appeal. Despite obtaining a stay, Ekouevi voluntarily paid both the fine and costs.

### *Appeal is Moot*

{¶4}   The law is well-settled that an appellate court lacks jurisdiction to consider the merits of a moot appeal. *In re Chambers*, 2019-Ohio-3596, 142 N.E.3d 1243, ¶ 9 (1st Dist.). For an appellate court to have jurisdiction over an appeal in which the defendant has fully served the sentence before the appeal is heard, the defendant

must show either that the sentence was not served voluntarily or that she or he will suffer ongoing collateral disabilities or loss of civil rights. *Id.*, citing *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus; *State v. Farris*, 1st Dist. Hamilton No. C-150567, 2016-Ohio-5527, ¶ 4. This rule applies only to misdemeanor convictions, as felony convictions result in collateral disabilities as a matter of law. *Chambers* at ¶ 9.

{¶5} With regard to whether a sentence was served voluntarily, "[t]he completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 26.

{¶6} With regard to collateral disabilities, a defendant may be found to suffer from such a disability where she or he would be subject to additional penalties or disabilities after a judgment has been satisfied. *State v. Morgan*, 1st Dist. Hamilton No. C-210509, 2022-Ohio-2932, ¶ 9. The disability may be something that occurs in the future and need not have an immediate impact. *Id.* The defendant bears the burden of presenting evidence of a collateral disability. *State v. Kuhlman*, 6th Dist. Ottawa No. OT-21-012, 2022-Ohio-1106, ¶ 11; *State v. Glisson*, 12th Dist. Clermont No. CA2020-11-064, 2021-Ohio-1985, ¶ 11.

{¶7} Ekouevi contends that his appeal is not moot because he did not acquiesce to the trial court's judgment. But despite obtaining a stay from the trial court, Ekouevi voluntarily paid the imposed fine and costs. Therefore, in the absence

3

of Ekouevi's presentation of evidence from which an inference could be drawn that he will suffer a collateral disability, this voluntary payment of the fine after the issuance of a stay by the trial court moots Ekouevi's appeal. *See State v. Krohn*, 11th Dist. Geauga No. 96-G-1970, 1996 Ohio App. LEXIS 4608 (Oct. 18, 1996) (where appellant did not offer any evidence that he would suffer a collateral legal disability, the appeal was moot where appellant paid the imposed fine despite obtaining a stay pending appeal). Here, Ekouevi has presented no evidence from which an inference can be drawn that his conviction will result in him suffering a collateral legal disability. We therefore hold that Ekouevi's appeal is moot.

{¶8} As this court has no jurisdiction over a moot appeal, the appeal is accordingly dismissed.

Appeal dismissed.


**ZAYAS, P.J.,** and **BOCK, J.,** concur.


Please note:
> The court has recorded its own entry on the date of the release of this opinion.