[Cite as *State v. Coffman*, 2024-Ohio-1182.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230411 |
| | | TRIAL NO. 23CRB-7133 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TIMOTHY COFFMAN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: March 29, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Ashton Tucker*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Presiding Judge.**

{¶1}     In this criminal appeal, defendant-appellant Timothy Coffman appeals his conviction for obstructing official business. Coffman's sole assignment of error asserts that his conviction was not supported by legally sufficient evidence and was against the manifest weight of the evidence. For the following reasons, we sustain the assignment of error on sufficiency grounds, reverse the trial court's judgment, and discharge Coffman from further prosecution in this matter.

## I. Facts and Procedure

{¶2}     Cincinnati Police officers investigating a breaking and entering at the Western Hills Shopping Mall received a description of a person of interest and information that a person matching that description was squatting with others in a house on Glenway Avenue. When officers searched the Glenway Avenue house, they found no one matching the description of the person of interest.

{¶3}     As the officers were concluding the investigation at that address, an officer saw a person, who was later identified as Coffman, walking down the other side of Glenway Avenue pushing a lawn mower. The officer believed that Coffman matched the description of the person of interest.

{¶4}     The officer's body-worn camera footage showed the officer crossing the road to intercept Coffman and Coffman continuing to push the lawnmower around a corner and down a side street. Once the officer got within earshot of Coffman, he asked Coffman to "come here for a second." Coffman turned to face the officer, who repeated his request. Coffman then left the lawn mower and began to run down the street, away from the officer. Within a few steps, Coffman dropped a bag he was carrying. The officer followed Coffman, twice warning him that he would use his taser on Coffman if

he did not stop, but Coffman continued running. The officer deployed the taser and Coffman fell onto the pavement. Officers surrounded Coffman and arrested him. The whole chase lasted approximately 20 seconds.

{¶5} The assembled officers placed Coffman in handcuffs and searched him. Because an officer deployed his taser, a supervisor had to come to the scene. After approximately ten to 15 minutes, the assembled officers verified Coffman's identity and determined he was not the person of interest. The state charged Coffman with obstruction of official business in violation of R.C. 2921.31(A). Coffman was held one night at the Hamilton County Justice Center.

{¶6} After a bench trial, the trial court found Coffman guilty and sentenced him to one day of imprisonment, with credit for the one day that he spent in jail. The trial court did not impose a fine, court costs, or other sanctions.

{¶7} Coffman now appeals.

## II. Law and Analysis

A. Coffman did not voluntarily serve his sentence

{¶8} As an initial matter, we address whether Coffman's appeal is moot because Coffman completed his sentence before this appeal. Where defendants have fully served their sentences before their appeals are heard, appellate courts have jurisdiction over the appeals if the defendants show either (1) they did not voluntarily serve their sentences; or (2) they will suffer ongoing collateral disabilities or loss of civil rights. *State v. Ekouevi*, 1st Dist. Hamilton No. C-220267, 2023-Ohio-703, ¶ 4, citing *In re Chambers*, 2019-Ohio-3596, 142 N.E.3d 1243, ¶ 9 (1st Dist.).

{¶9} Coffman did not voluntarily serve his sentence. The trial court sentenced Coffman to one day of imprisonment and gave him credit for the one day

3

that he spent in jail on the date that he was arrested. Coffman had no choice whether to spend that time in jail—police arrested him, took him to the justice center, and detained him in jail overnight before he appeared in court the next day for his arraignment. He had no opportunity to ask the court to stay his sentence or otherwise object to his sentence before he served it. And Coffman had no need to request a stay of execution of the sentence before the trial court or this court—by the time the trial court sentenced him, he had already involuntarily served his entire sentence. Thus, there was nothing left for him to seek to stay after the trial court imposed its sentence.

{¶10} Because Coffman served his one-day sentence involuntarily, his appeal is not moot.

B. Coffman's conviction was based on insufficient evidence

{¶11} In his sole assignment of error, Coffman argues that his obstruction-of-official-business conviction was not supported by legally sufficient evidence and was against the manifest weight of the evidence. Because we find Coffman's challenge to the sufficiency of the evidence dispositive of the appeal, his manifest-weight challenge is moot and we do not address it. *See State v. Parrish*, 1st Dist. Hamilton No. C-190379, 2020-Ohio-4807, ¶ 16, citing App.R. 12(A)(1)(c).

{¶12} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997) (Cook, J., concurring). When reviewing the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph

two of the syllabus. In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses. *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 45. Whether sufficient evidence supported a conviction is a question of law for the court to determine and a court is not to weigh the evidence unless, after viewing the evidence, it weighs heavily against conviction. *Id.*

**{¶13}** To support an obstructing-official-business-conviction under R.C. 2921.31(A), the state must prove the defendant "(1) performed an act; (2) without privilege; (3) with purpose to prevent, obstruct, or delay the performance of a public official of any authorized act within the public official's official capacity; and (4) that hampered or impeded the performance of the public official's duties." *In re Payne*, 1st Dist. Hamilton No. C-040705, 2005-Ohio-4849, ¶ 11.

**{¶14}** Coffman argues his conviction must be reversed for several reasons. First, Coffman argues that he did not perform an affirmative act, but merely refused to cooperate with the officer's demand to halt. Second, Coffman contends that the court could not infer he acted with the purpose to prevent, obstruct, or delay the officer's performance of his official duties. Third, Coffman argues that his conduct did not hamper or impede the officer's investigation.

1. Affirmative act

**{¶15}** Coffman contends that rather than performing an affirmative act, he merely refused to cooperate with the officer's demand to stop. And an R.C. 2921.31 conviction requires the state to prove the defendant performed an affirmative act. *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, ¶ 10 (1st Dist.). A defendant's refusal to comply with a police officer's order is not an

affirmative act and cannot, standing alone, support an obstructing-official-business conviction. *See State v. Buttram*, 1st Dist. Hamilton No. C-190034, 2020-Ohio-2709, ¶ 12 (collecting cases).

{**¶16**}  But this court has long held that a person performs an affirmative act within the meaning of R.C. 2921.31 by fleeing from a police officer when the person has some knowledge that the police officer intends to lawfully detain that person. *See, e.g.*, *State v. Lohaus*, 1st Dist. Hamilton No. C-020444, 2003-Ohio-777, ¶ 11 (fleeing from an officer conducting a lawful *Terry* stop); *State v. Harris*, 1st Dist. Hamilton No. C-230074, 2023-Ohio-4387, ¶ 24 (walking away from an officer while the officer was issuing a ticket); *State v. Davis*, 140 Ohio App.3d 751, 753, 749 N.E.2d 322 (1st Dist.2000) (walking away from officers attempting to detain defendant).

{**¶17**}  Coffman was walking down the street pushing a lawn mower and carrying a bag. When the officer stated, "Come here for a second, I want to ask you something," Coffman ran away from the officer, leaving his lawn mower behind and dropping his bag. This constitutes an "act" under R.C. 2921.31(A) because the circumstances show Coffman knew that the police officer intended to detain him. After the officer issued his command, Coffman changed his actions from walking to running and left his lawn mower and bag behind. He did not merely refuse to answer questions or fail to stop walking. Rather, Coffman made a conscious decision to flee from the officer in response to the officer's request for him to stop. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence that Coffman performed an affirmative act.

6

### 2. Purposeful mental state

**{¶18}** Coffman asserts that the court could not infer he acted with purpose to prevent, obstruct, or delay the officer's performance of his official duties. A person acts "purposely" when it is the person's specific intention to cause a certain result. R.C. 2901.22(A). "The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence." *In re Payne*, 1st Dist. Hamilton No. C-040705, 2005-Ohio-4849, at ¶ 15.

**{¶19}** Considering the totality of the facts and circumstances, a rational trier of fact could have found that Coffman knew the officer was conducting an investigative stop and intended to delay the officer's investigation by his choice to run from the officer. The officer asked Coffman to stop and submit to questioning. Coffman turned, saw the uniformed officer, and ran. Coffman discarded his lawn mower and bag when he ran. The officer warned Coffman that if he continued to flee, he would be subdued with a taser. Yet, he continued to refuse to comply. *See Buttram*, 1st Dist. Hamilton No. C-190034, 2020-Ohio-2709, at ¶ 17-18 (inference of purpose from the defendant's conscious decision to act contrary to the officer's instructions). Viewing this evidence in a light most favorable to the state, sufficient evidence supported that Coffman's fleeing from a uniformed officer showed his purpose to prevent, obstruct, or delay the investigation.

### 3. Hamper or impede

**{¶20}** To support Coffman's conviction, the state must also prove beyond a reasonable doubt that Coffman's conduct in fact hampered or impeded the officers' investigation. *Id.* at ¶ 19, quoting *Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, at ¶ 17.

{¶21} Not every act that "can conceivably be said to hinder a police officer rises to the level of criminal conduct." *Harris*, 1st Dist. Hamilton No. C-230074, 2023-Ohio-4387, at ¶ 22, quoting *In re Payne*, 1st Dist. Hamilton No. C-040705, 2005-Ohio-4849, at ¶ 16. R.C. 2921.31(A) does not criminalize every "minor 'delay, annoyance, irritation, or inconvenience' " put on a police officer. *Id.*, quoting *State v. Harris*, 2018-Ohio-4316, 121 N.E.3d 21, ¶ 16 (4th Dist.), quoting *State v. Vitantonio*, 2013-Ohio-4100, 995 N.E.2d 1291, ¶ 14 (11th Dist.), quoting *Lakewood v. Simpson*, 8th Dist. Cuyahoga No. 80383, 2002-Ohio-4086, ¶ 16.

{¶22} Rather, the statute criminalizes conduct where the defendant commits an affirmative act, and that affirmative act creates a "substantial stoppage" in the police officer's official business. *Id.*, quoting *State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372, 906 N.E.2d 1203, ¶ 12 (1st Dist.), citing *Wellman* at ¶ 17. There is no particular period of time that constitutes a "substantial stoppage." *Wellman* at ¶ 18, citing *State v. Dunn*, 1st Dist. Hamilton No. C-790319, 1980 Ohio App. LEXIS 11877 (Mar. 26, 1980). So long as the record demonstrates that the defendant's act hampered or impeded the officer in the performance of his duties, the evidence supports the conviction. *Id.*, citing *State v. Stayton*, 126 Ohio App.3d 158, 163, 709 N.E.2d 1224 (1st Dist.1998).

{¶23} "When evaluating the sufficiency of the evidence, this court must 'defer to the trier of fact on questions of credibility and the weight assigned to the evidence.' " *State v. Wing*, 12th Dist. Butler No. CA2023-03-022, 2023-Ohio-4171, ¶ 17, quoting *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 132.

{¶24} After the close of evidence, the trial court stated, "Here I find that there is no substantial stoppage and find him guilty of the affirmative act of running and then the time it took to call the supervisor or superior. So that's guilty."

{¶25} The video showed that the time between the officer calling for Coffman to stop and handcuffing Coffman was approximately 20 seconds. And the officer testified that it took ten to 15 minutes to summon his supervisor and rule Coffman out as the perpetrator of the breaking-and-entering crime. He testified that had Coffman not run, he would have been able to ask Coffman questions and could have ruled him out as a suspect.

{¶26} First, any delay caused by Coffman's passive act—failing to answer questions or otherwise assist the officers in clearing him as the suspect in the breaking and entering—cannot support an obstruction conviction. *See Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, at ¶ 10.

{¶27} Second, any delay caused by the officer summoning his supervisor cannot be attributed to Coffman. There must be a nexus between the defendant's affirmative act and the alleged substantial stoppage of the official's business. *See Grice*, 180 Ohio App.3d 700, 2009-Ohio-372, 906 N.E.2d 1203, at ¶ 16. The officer testified, "Every time we have a tasing on scene [the supervisor] shows up." But the officer needing to summon a supervisor was dictated by internal police policy on the use of tasers, not Coffman's decision to flee. *See id.* at ¶ 3, 16 (finding no nexus between defendant's false statement to police officers and the two hours to fingerprint and identify the defendant at the Hamilton County Justice Center); *see also In re Payne*, 1st Dist. Hamilton No. C-040705, 2005-Ohio-4849, at ¶ 13 (focusing on the actor's conduct and the effect that conduct has on the public official).

9

{¶28} The nexus between Coffman's flight and the alleged substantial stoppage of the police officer's investigation ended after approximately 20 seconds—the time it took for the officer to spot, intercept, stop, and handcuff Coffman. While no set amount of time is necessary to constitute substantial stoppage, the amount of time is a relevant factor for this court to consider. *See Grice* at ¶ 12.

{¶29} We agree with the trial court that Coffman's flight did not create a substantial stoppage to the officers' investigation. The chase, from beginning to end, lasted approximately 20 seconds. The state did not establish that Coffman's brief flight was anything more than a de minimis interference, rather than conduct that hampered or impeded the officer. *See In re R.B.*, 2021-Ohio-3749, 179 N.E.3d 749, ¶ 24-25 (1st Dist.) (de minimis interference where the defendant briefly hid from police officers conducting a search of a residence for trespassers). And without evidence of "hampering" or "impeding" beyond that 20-second delay in apprehending Coffman, the state failed to show that Coffman hampered or impeded the officers' breaking-and-entering investigation.

{¶30} Viewing the evidence in a light most favorable to the state, the state failed to prove beyond a reasonable doubt that Coffman's running from police hampered or impeded the officers' performance of their duties. Therefore, Coffman's conviction is not supported by sufficient evidence and we sustain Coffman's assignment of error.

### III. Conclusion

**{¶31}** For the foregoing reasons, we sustain Coffman's assignment of error on sufficiency grounds, reverse the trial court's judgment, and discharge Coffman from further prosecution in this matter.

Judgment reversed and appellant discharged.

**KINSLEY, J.**, concurs.
**WINKLER, J.**, dissents.


**WINKLER, J.,** dissenting.

**{¶32}** I respectfully dissent because in my view this appeal is moot. Consequently, I would dismiss the appeal.

**{¶33}** The general rule on the mootness of criminal appeals provides that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *In re Chambers*, 2019-Ohio-3596, 142 N.E.3d 1243, at ¶ 9, quoting *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus. Here, the trial court sentenced Coffman to one day of imprisonment with credit for one day served and did not impose a fine, court costs, or other financial sanction. Thus, Coffman had fully served his sentence before he filed his appeal. For an appellate court to have jurisdiction over an appeal in which the defendant has fully served the sentence before the appeal is heard, the defendant must show either that the sentence was not served voluntarily or that she or he will suffer ongoing collateral disabilities or loss of civil rights. *Ekouevi*, 1st Dist. Hamilton No. C-220267, 2023-Ohio-703, at ¶ 4, citing *In re Chambers* at ¶ 9; *Wilson* at

11

paragraph one of the syllabus; *State v. Farris*, 1st Dist. Hamilton No. C-150567, 2016-Ohio-5527, ¶ 4.

{¶34} With regard to whether a sentence was served voluntarily, this court has most recently stated:

> [t]he completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.

*Ekouevi* at ¶ 5, quoting *City of Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 26. Coffman was appointed counsel, contested the charge at trial, accepted the sentence, and filed a notice of appeal. But Coffman did not seek a stay of execution of the sentence in the trial court and did not seek a stay in this court. *See* App.R. 8(B). Had he done so, Coffman's appeal would not be moot, regardless of whether either stay was denied. *See Lewis* at ¶ 23. Without any indication on the record that Coffman did not abandon his right to appeal when he accepted the court's sentence, Coffman's appeal is moot.

{¶35} Nor is there any basis to infer that Coffman suffered ongoing collateral disabilities or loss of civil rights from his misdemeanor conviction for obstructing official business. The collateral consequences of a misdemeanor conviction can be significant. *See Lewis* at ¶ 28-34 (Lundberg Stratton, J., concurring). But Coffman already has multiple misdemeanor convictions, including a conviction for obstructing official business. *See, e.g.*, *State of Ohio v. Coffman*, Hamilton M.C. No. 23CRB-1044

(Feb. 14, 2023) (conviction for obstruction of official business).[1]  Thus, Coffman already suffers any potential ongoing collateral disabilities from that conviction.  His appeal in this case cannot change the outcome in those other cases.

**{¶36}**    Because Coffman does not demonstrate anything to indicate he served the sentence involuntarily and Coffman already suffers the collateral disabilities of a misdemeanor conviction for obstructing official business, I would dismiss the appeal as moot.  *See Andrew v. Dennis*, 1st Dist. Hamilton No. C-210638, 2022-Ohio-2567, ¶ 6 (appellate courts may sua sponte dismiss an appeal as moot), citing *Hammond v. Hammond*, 1st Dist. Hamilton No. C-190376, 2020-Ohio-3443, ¶ 9.

Please note:
>    The court has recorded its entry on the date of the release of this opinion.

---

[1] A reviewing court may consider an event that renders an appeal moot that is outside the record. *See Pewitt v. Superintendent, Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).