[Cite as *State v. Horton*, 2025-Ohio-5330.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.   C-250167 |
| | | TRIAL NO.   24/CRB/14031 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| TONY HORTON, | : | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the appeal is dismissed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 11/26/2025 per order of the court.**

**By:**_____
          **Administrative Judge**

[Cite as *State v. Horton*, 2025-Ohio-5330.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :        APPEAL NO.    C-250167
                                           TRIAL NO.     24/CRB/14031
    Plaintiff-Appellee,      :

  vs.                            :           *O P I N I O N*

TONY HORTON,                       :

    Defendant-Appellant.     :


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: November 26, 2025


*Emily Smart Woerner*, City Solicitor, *William T. Horsley,* Chief Prosecuting Attorney, and *Kevin Ernest,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}  Tony Horton appeals from his conviction following a bench trial for misconduct at an emergency.  In two assignments of error, Horton argues that the conviction was not supported by sufficient evidence and was contrary to the weight of the evidence and that the court erred by failing to afford him the opportunity to speak at sentencing.  However, we lack jurisdiction to address the merits of the appeal because Horton voluntarily completed his sentence after obtaining a stay of his sentence while his appeal was pending, rendering the appeal moot.

### Factual Background

{¶2}  Following a bench trial, Tony Horton was convicted of misconduct at the scene of an emergency.  Horton was sentenced to three months of probation and ordered to complete an anger-management course.  Instead of imposing a fine or court costs, the court credited the five days that Horton served in jail after his arrest toward the fine and costs.  The court stayed the "imposition of the three months of probation" pending appeal.

{¶3}  In June 2025, Horton filed a motion to mitigate his sentence, which the trial court granted.  The court terminated the probation, so Horton's sentence has been completed.  This court requested supplemental briefing from the parties to address whether the case was moot.

{¶4}  Where defendants have fully served their sentences before their appeals are heard, appellate courts have jurisdiction over the appeals if the defendants show either (1) they did not voluntarily serve their sentences; or (2) they will suffer ongoing collateral disabilities or loss of civil rights.  *State v. Ekouevi*, 2023-Ohio-703, ¶ 4 (1st Dist.), citing *In re Chambers*, 2019-Ohio-3596, ¶ 9 (1st Dist.).  "Thus, in order for this court to have jurisdiction over this appeal, [Horton] must show that either he did not

3

serve his sentence voluntarily, or that he will suffer come collateral disability or loss of civil rights." *State v. Smith*, 2019-Ohio-3592, ¶ 9 (2d Dist.).

{¶5}    In his supplemental brief, Horton acknowledged that he completed the anger-management course and that he "voluntarily served his probation by asking the trial court to terminate it after he requested a stay of sentence." Horton did not contend that he would suffer any collateral consequences from the conviction. However, Horton argued that the case was not moot because he spent five days in jail before he was released on bond. In support of that proposition, Horton cited to *State v. Coffman*, 2024-Ohio-1182 (1st Dist.). In *Coffman*, the trial court sentenced Coffman to one day in jail and gave him credit for the one day he spent in jail when he was arrested. *Id.* at ¶ 9. This court held that Coffman did not voluntarily serve the sentence because he "had no choice whether to spend that time in jail—police arrested him, took him to the justice center, and detained him in jail overnight before he appeared in court the next day for his arraignment. He had no opportunity to ask the court to stay his sentence or otherwise object to his sentence before he served it." *Id.* *Coffman* is inapposite to the facts and circumstances of this case because Coffman had served his sentence in its entirety at the time it was imposed, and Horton was sentenced to community control, with the days he spent in jail credited to his costs and fine.

{¶6}    This case is more akin to *Ekouevi*, 2023-Ohio-703 (1st Dist.). Ekouevi, like Horton, obtained a stay of his sentence of a fine and costs pending appeal. *Id.* at ¶ 7. While the appeal was pending, Ekouevi voluntarily paid both the imposed fine and costs. *Id.* This court held that the "voluntary payment of the fine after the issuance of a stay by the trial court moots Ekouevi's appeal." *Id.* The court dismissed the appeal as moot because the court lacked jurisdiction to consider the merits of the appeal. *Id.*

at ¶ 1.

{¶7}    Here, Horton was sentenced to probation and an anger-management course, which were stayed pending the appeal.  While the appeal was pending, Horton completed the anger-management course and filed a motion to mitigate the remainder of his sentence.  The trial court granted the motion and terminated his probation. Thus Horton voluntarily completed his sentence when he completed the anger-management course, and the court granted his request to terminate the probation.  *See id*. at ¶ 7.

{¶8}    It is well-settled that an appellate court lacks jurisdiction to consider the merits of a moot appeal.  *See In re Chambers*, 2019-Ohio-3596, at ¶ 9 (1st Dist.). Under Ohio law, an appeal from a misdemeanor conviction after a defendant has voluntarily completed the sentence is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.  *See State v. Golston*, 71 Ohio St.3d 224, 226 (1994); *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus.

{¶9}    Accordingly, we conclude that Horton's appeal is moot.

## Conclusion

{¶10}    Having concluded the appeal is moot, we dismiss the appeal.

Appeal dismissed.

**BOCK** and **NESTOR, JJ.,** concur.